Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

Minneapolis Division

Emma Nova Miles

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Hennepin County Sheriff's Office (See attached.)

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. _____25-cv-2790-ADM/DTS_____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes  ☐ No

# RECEIVED

JUL 0 7 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.



SCANNED

JUL 0 7 2025

U.S. DISTRICT COURT MPLS

Page 1 of 6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Emma Miles |
| Address | 2024 Dupont Ave S Unit 1 |
| | Minneapolis       MN       55405 |
| | *City*             *State*       *Zip Code* |
| County | Hennepin |
| Telephone Number | 6129307434 |
| E-Mail Address | emmanovamiles@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Dawanna Witt |
| Job or Title *(if known)* | Sheriff of Hennepin County |
| Address | Hennepin County Sheriff's Office 350 S 5th St. Room 6 |
| | Minneapolis       MN       55415 |
| | *City*             *State*       *Zip Code* |
| County | Hennepin |
| Telephone Number | (612) 348-3744 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Alan Lange Badge 1236 |
| Job or Title *(if known)* | Sheriff's Deputy |
| Address | Hennepin County Sheriff's Office 350 S 5th St. Room 6 |
| | Minneapolis       MN       55415 |
| | *City*             *State*       *Zip Code* |
| County | Hennepin |
| Telephone Number | (612) 348-3744 |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

Name — Tyson Donnelly Badge 1206

Job or Title *(if known)* — Sheriff's Deputy

Address — Hennepin County Sheriff's Office 350 S 5th St. Room 6

| Minneapolis | MN | 55415 |
|---|---|---|
| *City* | *State* | *Zip Code* |

County — Hennepin

Telephone Number — (612) 348-3744

E-Mail Address *(if known)*

☑ Individual capacity          ☐ Official capacity

Defendant No. 4

Name — Tyler Jacob Badge 1216 (See attached for full defendants list.)

Job or Title *(if known)* — Sheriff's Deputy

Address — Hennepin County Sheriff's Office 350 S 5th St. Room 6

| Minneapolis | MN | 55415 |
|---|---|---|
| *City* | *State* | *Zip Code* |

County — Hennepin

Telephone Number — (612) 348-3744

E-Mail Address *(if known)*

☑ Individual capacity          ☐ Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violations of the Fourth Amendment (unlawful entry, excessive force), Fourteenth Amendment (due process and equal protection based on gender identity and disability), and Title II of the ADA. These acts were done under color of law and reflect unconstitutional policies and training failures under Monell.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

All defendants were employed by the Hennepin County Sheriff's Office and acted under color of state law in their official roles as law enforcement officers. Each acted with authority granted by state statute and county policy while on duty.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

3820 W 31st Street #502, Minneapolis, MN 55416

B.    What date and approximate time did the events giving rise to your claim(s) occur?

July 28, 2023, approx. 1:00 pm

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

While I was in bed, four Hennepin County Sheriff's Deputies entered my home stating they were enforcing an eviction. They did not present or serve a writ. I was visibly in psychiatric distress and asked them not to hurt me. Instead of de-escalating, they flanked me, slammed me to the ground, held my face to the rug and handcuffed me with force. I repeatedly stated I had asthma and PTSD. I was forcibly removed, questioned about my mental health, and later restrained to a gurney by EMS after stating not to be touched from behind. (See attached for full statement.)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I had deep bruising on both wrists from being handcuffed, which lasted for weeks. I was taken to HCMC by EMS immediately after the incident, but I received no medical care there and was released. I was then homeless for 5–6 days, during which I was arrested on suspicion of burglary. I was held in jail for 36 hours before being transferred to the psychiatric unit at HCMC, where I was involuntarily held. Since then, I have been in weekly trauma-focused therapy to treat the psychological harm caused by these events.  To date, I still need to stretch my wrists daily to relieve tension.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I request $250,000 in actual damages for the pain, trauma, physical injury, and lasting psychological harm I've suffered, including the cost of ongoing therapy and the destabilization of my life.

I also request $1,000,000 in punitive damages to hold the defendants accountable for their excessive force, failure to de-escalate, and discriminatory treatment based on my gender identity and disability.

In addition, I respectfully request injunctive relief, including changes to Hennepin County Sheriff's Office policies and training related to use of force, crisis intervention, and disability accommodations.

I ask the Court to grant any other relief it deems just and proper.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    July 6 2025

Signature of Plaintiff    _Emma (signature)_

Printed Name of Plaintiff    **Emma Miles**

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

| City | State | Zip Code |
|------|-------|----------|

Telephone Number    _____

E-mail Address    _____

| Print | Save As... | Add Attachment | Reset |
|-------|-----------|----------------|-------|

Emma Miles v. Hennepin County Sheriff's Office, et al.


Attachment – Full Statement of Facts (Expanded Narrative)


On July 28, 2023, around 1:00 pm, I was in bed at my residence, 3820 W 31st Street # 502, Minneapolis, when four armed Hennepin County Sheriff's Deputies—Alan Lange, Tyler Jacob, Tyson Donnelly, and James Lindstrom—entered my home without prior notice or a warrant.

I was visibly in a psychiatric crisis. The deputies stated they were there to "enforce an eviction that came to them that morning" but did not serve or present a writ of recovery as required.

I told them I was afraid, that I did not feel safe and asked for clarity repeatedly. They began coercing me to leave the property with my dog, despite my condition. I made it clear I did not feel safe leaving with them when they gave me the ultimatum to pack and go on my own or for them to physically remove me.

Instead of de-escalating, the deputies flanked me on all sides. Without provocation, they violently threw me toward a glass door and then onto my rug.

While I was face-down, Deputy Donnelly pressed my head into the rug. I was restrained with three sets of handcuffs, and one or more deputies pinned me with a knee on my leg and buttocks, immobilizing me.

I repeatedly screamed: "Please don't hurt me, please don't kill me, I have PTSD, I have asthma." These pleas were ignored.

After being lifted and walked outside, I was placed in a squad car where the deputy began asking invasive questions about my mental health. I was not free to leave, nor was I under arrest or read any rights.

I was then transferred to EMS. When I clearly stated that I did not want to be touched from behind, the medic and deputies forcibly restrained me to a gurney. I was transported to HCMC, where I received no medical care and was discharged without treatment. I was then homeless for six days.

During that time, I was arrested by Minneapolis Police on suspicion of burglary. I was jailed for 36 hours before being involuntarily committed to the psychiatric unit at HCMC, where I was held for three weeks. I was never given an opportunity to contest the eviction or speak with legal counsel.

I suffered severe emotional trauma, physical pain, and continue to experience symptoms of PTSD. At all times, I was unarmed, nonviolent, and posed no threat to anyone.

Emma Miles v. Hennepin County Sheriff's Office, et al.


## Defendants:

Hennepin County Sheriff's Office

Dawanna S. Witt, Sheriff of Hennepin County, sued in her individual and official capacities

Alan Lange, Sheriff's Deputy, Badge 1236

Tyler Jacob, Sheriff's Deputy, Badge 1216

Tyson Donnelly, Sheriff's Deputy, Badge 1206

James Lindstrom, K9 Deputy, Badge 1224

Emma Miles v. Hennepin County Sheriff's Office, et al.


Clarification of Defendant Capacities

Due to limitations in the AO 440 form, Plaintiff Emma Miles clarifies that she is bringing claims against all individual defendants in this action: Sheriff Dawanna Witt, Deputy Alan Lange, Deputy Tyler Jacob, Deputy Tyson Donnelly, and Deputy James Lindstrom in both their individual and official capacities under 42 U.S.C. § 1983. Each defendant acted under color of state law and within the scope of their duties as employees of the Hennepin County Sheriff's Office. Plaintiff seeks to hold each personally accountable for their direct conduct and officially liable for their actions taken in the execution of their government roles.


Respectfully submitted,
Emma Miles
Pro Se Plaintiff