**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Emma Nova Miles,

      Plaintiff,

v.

Hennepin County Sheriff's Office et al.,

      Defendants.

Case No. 25-cv-2790 (ADM/DTS)

**ORDER & REPORT AND
RECOMMENDATION**

---

## INTRODUCTION

Plaintiff Emma Nova Miles brings claims under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and Minnesota state law against Defendant Hennepin Healthcare System, Inc. (Hennepin Healthcare). Am. Compl. 23-24, Dkt. No. 41. Miles alleges that Hennepin Healthcare violated her rights during her civil commitment at Hennepin County Medical Center (HCMC). *See id.*

Hennepin Healthcare moves to dismiss the claims against it for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *See* Def.'s Mem. 1-2, Dkt. No. 73. For the reasons set forth below, the Court recommends that Hennepin Healthcare's Motion to Dismiss be granted.

## FINDINGS OF FACT[1]

On or around August 4, 2023, Miles was transferred from the Hennepin County Jail to HCMC and placed on a 72-hour hold. Am. Compl. ¶¶ 47-48. She alleges that even

---

[1] On a Rule 12(b)(6) motion such as this, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014).

though the hold expired on August 9, 2023, she remained unlawfully confined until August 17, 2023, when a hearing was held and a civil commitment petition was issued. *Id.* at ¶¶ 48-49, 51. Miles alleges she objected at the hearing to her continued confinement. *Id.* at ¶ 51. She contends that the civil commitment petition was wrongfully based on "collateral, non-acute allegations" rather than her condition at the time of hospitalization. *Id.* at ¶ 49. She further alleges that Hennepin Healthcare relied on a "non-independent examiner" to justify her continued detention, which, she claims, undermined the fairness of the proceeding. *Id.* at ¶ 50. Miles also alleges that the later sealing of her civil commitment file indicates her continued confinement lacked lawful authority. *Id.* at ¶ 54. While confined, Miles alleges she "was subjected to continuous monitoring and forced medication." *Id.* at ¶ 50 She also alleges she was denied access to her cellphone and personal property. *Id.* at ¶ 52. In addition, she claims when she attempted to contact emergency services, staff treated the attempt as misconduct. *Id.* at ¶ 53.

Miles commenced this lawsuit on July 7, 2025. Dkt. No. 1. Her Amended Complaint lists 16 counts, four of which are brought against Hennepin Healthcare. Am. Compl. 23-24. In a prior order, the Court dismissed all claims against Defendants Hennepin County Sheriff's Office, Sheriff Dawanna Witt, Deputies Tyler Jacob, Alan Lange, and James Lindstrom, and Sergeant Tyson Donnelly, leaving Hennepin Healthcare as the sole remaining Defendant. *See* Order, Dkt. No. 91.

The claims against Hennepin Healthcare are found in Counts IV and XII-XIV. Am. Compl. 23-24. Count IV alleges that Hennepin Healthcare discriminated against Miles on the basis of disability, in violation of the ADA and Rehabilitation Act. *Id*. at 23. In Count XII, Miles claims she was unlawfully detained in violation of 42 U.S.C. § 1983 and the

2

Fourteenth Amendment. *Id*. at 24. Count XIII alleges false imprisonment under Minnesota law. *Id*. Finally, Count XIV alleges that Hennepin Healthcare is liable under 42 U.S.C. § 1983 for maintaining or tolerating unconstitutional customs, policies, or practices. *See id.*

Hennepin Healthcare moves to dismiss the claims against it for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *See* Def.'s Mem. 1-2.

## CONCLUSIONS OF LAW

### I.      Standard of Review

Hennepin Healthcare moves to dismiss under Rules 12(b)(1) and 12(b)(6). *See id.* When deciding a motion under Rule 12(b)(1), the court must first determine whether the movant brings a "facial attack" or "factual attack" on jurisdiction. *Carlsen v. GameStop, Inc*., 833 F.3d 903, 908 (8th Cir. 2016). Because Hennepin Healthcare relies on information outside the pleadings, i.e., Miles's medical records and sealed civil commitment proceedings, *see* Def.'s Mem. 6-9, it raises a factual challenge to the court's jurisdiction. *See Carlsen*, 833 F.3d at 908. When resolving such a challenge, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Davis v. Anthony, Inc*., 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). When a defendant moves to dismiss under Rule 12(b)(1), the plaintiff "has the burden of proving the existence of subject matter jurisdiction." *Croyle by & through Croyle v. United States*, 908 F.3d 377, 381 (8th Cir. 2018) (quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir.2005)).

Under Rule 12(b)(6), courts "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Although a *pro se* complaint is liberally construed, it must still contain specific facts sufficient to support its legal conclusions. *See Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). Thus, while a court accords deference to *pro se* pleadings, it will not assume facts that might support the plaintiff's claim but that the *pro se* plaintiff has not alleged. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). In determining whether a plaintiff has stated a plausible claim, the Court considers only the materials necessarily encompassed by the pleadings and any exhibits attached to the complaint. *See Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012); *see also Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003).

## II.   *Rooker-Feldman* Doctrine

Hennepin Healthcare moves to dismiss Miles's claims for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See* Def.'s Mem. 6-9. The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The 'basic theory' of *Rooker-Feldman* is that…federal district courts generally lack subject-matter jurisdiction over 'attempted appeals from a state-court judgment.' " *Friends of Lake View Sch. Dist. No. 25 v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009) (quoting 18B Charles Alan Wright et al., *Federal Practice and Procedure* § 4469.1, at 97, 101 (2d ed. 2002)). The doctrine extends not only to the "rare case styled as a direct appeal" but also to "claims which are 'inextricably intertwined' with state court decisions." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (cleaned up). Put differently, where a plaintiff's alleged injury is caused by the state court judgment itself, or where the requested federal relief would effectively reverse or void that judgment, the claim is barred. *See Exxon Mobil Corp.*, 544 U.S. at 284; *Canal Cap. Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999).

The *Rooker-Feldman* doctrine, however, "does not bar jurisdiction over actions alleging independent claims arising from conduct in underlying state proceedings." *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016). The critical inquiry is whether the plaintiff seeks relief from the state court judgment itself or from some independent act of a defendant. *See Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008) (differentiating between barred claims seeking relief for an "allegedly erroneous decision by a state court" from valid claims asserting an "allegedly illegal act or omission by an adverse party").

Here, Miles's claims against Hennepin Healthcare are barred by the *Rooker-Feldman* doctrine because they are, in substance, challenges to the validity of her state court civil commitment. Miles alleges she was unlawfully detained beyond the expiration of a 72-hour hold, that Hennepin Healthcare delayed seeking judicial authorization for her

5

continued confinement, that the civil commitment petition was improperly based on "collateral, non-acute allegations," and that Hennepin Healthcare relied on a "non-independent examiner" to justify continued detention. Am. Compl. ¶¶ 48-54, 57. She further challenges aspects of her confinement, including forced medication, monitoring, and the deprivation of personal property. *Id.* at ¶¶ 50, 52, 57. But each of these allegations is inseparable from the state court's judgment—i.e. its determination that continued confinement and treatment are warranted.

Hennepin Healthcare's attached exhibits demonstrate that a Petition for Judicial Commitment was filed on August 7, 2023, before the expiration of the 72-hour hold, and that Miles was subject to a District Court Hold as of August 9, 2023. *See* Def.'s Ex. 1 at 1-2, 4, Dkt. No. 75. Following a hearing on August 17, 2023, the state court ordered her committed and authorized the administration of neuroleptic medication. *See* Def.'s Ex. 2 at 1-4, Dkt. No. 94. Miles's present claims, though framed as constitutional and statutory violations, would necessarily require this Court to find those state court decisions erroneous. That is precisely what *Rooker-Feldman* prohibits. *See Exxon Mobil Corp.*, 544 U.S. at 284.

Moreover, courts in this District have consistently applied the *Rooker-Feldman* doctrine to bar similar challenges to civil commitment proceedings. In *Brennan v. Cass Cnty. Health*, the court held that claims alleging wrongful confinement based on an allegedly improper commitment petition were barred because they amounted to an assertion that the state court "should have denied the Petition and that the court's commitment decisions were incorrect under Minnesota law." No. 21-cv-1900, 2023 WL 121943, at *3 (D. Minn. Jan. 6, 2023). Likewise, in *Hines v. Minnesota Dep't of Corr.*, the

6

court found that claims challenging the validity and conditions of a civil commitment, including allegations of conspiracy, deprivation of personal property, false testimony, and improper medication, were "inextricably intertwined" with the state court's findings and therefore barred. No. 18-cv-3250, 2020 WL 1102210, at *9 (D. Minn. Jan. 31, 2020), *R. & R. adopted by* 2020 WL 1082484 (D. Minn. Mar. 6, 2020) And in *Liedtke v. Runningen*, the court held that claims alleging inadequate training and false testimony were barred because the alleged injuries "ar[ose] from the orders in the civil commitment proceeding." No. 15-cv-3361, 2016 WL 11491381, at *6 (D. Minn. June 20, 2016), *R. & R. adopted by* 2016 WL 5660455 (D. Minn. Sept. 29, 2016).

The same reasoning applies here. Miles's allegation that she was unlawfully detained after the 72-hour hold directly challenges the state court's authorization of her continued confinement. Her claims that the petition improperly relied on "collateral, non-acute allegations" and the findings of a "non-independent examiner" likewise asserts that the state court lacked a sufficient basis to order commitment. Miles's allegations regarding her conditions of confinement, including forced medication, continuous monitoring, and loss of access to her cellphone, fare no better. These allegations do not describe independent unlawful conduct. The state court specifically authorized the use of forced medication. *See* Def.'s Ex. 2 at 1-4. The order committing her to a psychiatric facility necessarily entails continuous monitoring and restrictions on personal property. Therefore, Miles's allegations regarding her conditions of confinement are inseparable from the commitment order itself. Accordingly, each of Miles's claims would succeed only if this Court were to conclude that the state court erred in issuing its orders.

7

Nor does Miles allege any independent injury separate from the state court judgment. She does not identify conduct by Hennepin Healthcare that is actionable independent of the commitment proceedings themselves. Instead, her alleged injuries flow directly from the state court's orders authorizing her detention and treatment. Where, as here, "federal relief can only be predicated upon a conviction that the state court was wrong," the claims are barred. *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (citation omitted).

Accordingly, because Miles's claims are barred by the *Rooker-Feldman* doctrine, the Court recommends they be dismissed for lack of subject matter jurisdiction.

## III.    Alternative Grounds for Dismissal Under 12(b)(6)

### A.    Count IV

In Count IV, Miles alleges that Hennepin Healthcare violated her rights under the ADA and Rehabilitation Act by discriminating against her on the basis of disability. Am. Compl. 23. The Court previously recommended dismissal of Miles's ADA claims because she failed to plausibly allege that she is a qualified individual with a disability or that she was discriminated against because of her alleged disability. *See* R. & R. 23-24, Dkt. No. 71. The same reasoning applies here. Rather than restating its analysis, the Court incorporates its prior analysis by reference. *See id.* Accordingly, the Court recommends Count IV be dismissed.

### B.    Counts XII and XIV

In Count XII, Miles alleges that Hennepin Healthcare unlawfully detained her in violation of the Fourteenth Amendment and 42. U.S.C. § 1983. Am. Compl. 24. Likewise, Count XIV alleges that Hennepin Healthcare is liable under *Monell*. *Id.* As an initial matter,

Hennepin Healthcare is a suable entity for the purposes of § 1983. *See, e.g., Reynolds v. Harper*, No. 25-cv-754, 2026 WL 622283, at *17 (D. Minn. Mar. 5, 2026) (explaining that Minnesota law has designated "Hennepin Healthcare as a 'municipality' subject to suit.") (citing Minn. Stat. §§ 383B.901; 383B.907, subd. 1(13); 383B.919); *VanHauer v. Minneapolis Police Dep't*, No. 23-CV-1208, 2024 WL 3540799, at *6 (D. Minn. July 25, 2024) (same); *Doe v. Hennepin Cnty.*, No. 24-cv-1392, 2025 WL 2524604, at *7 (D. Minn. Aug. 21, 2025) (adjudicating a § 1983 claim against Hennepin Healthcare). The Court therefore considers the merits of Miles's claims against Hennepin Healthcare.

To state a claim against a municipality under § 1983, plaintiff must show that the alleged constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citing *Monell*, 436 U.S. at 690-91 and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). The plaintiff must establish causation, i.e., that the policy, custom, or failure to train was the "moving force" behind the constitutional violation. *City of Canton*, 489 U.S. at 389-91; *Monell*, 436 U.S. at 691. A municipality cannot be held liable on a *respondeat superior* theory for the actions of an individual employee. *Monell*, 436 U.S. at 691.

While a plaintiff need not "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss," *Crumley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004), she must allege facts that would support an inference that the conduct complained of resulted from an unconstitutional policy or custom. *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Generally, an isolated incident of misconduct cannot as a matter of law establish a

9

municipal policy or custom creating liability under § 1983. *Ulrich v. Pope Cty*., 715 F.3d 1054, 1061 (8th Cir. 2013).

Miles's Amended Complaint fails to allege a plausible *Monell* claim against Hennepin Healthcare. In Count XII, Miles asserts that she was detained beyond the expiration of a 72-hour hold without lawful authority. *See id.* at 24. However, even assuming this allegation states a constitutional violation, Miles does not connect that violation to any policy, custom, or failure to train attributable to Hennepin Healthcare. Her allegations focus exclusively on her own experience during her course of treatment and commitment proceedings. She does not identify any formal policy authorizing unlawful detention, nor does she allege facts suggesting that similar incidents occurred with other patients. Absent such facts, her claim rests on an isolated incident, which is insufficient to establish municipal liability under § 1983. *See Ulrich*, 715 F.3d at 1061.

Count XIV fails for similar reasons. Miles alleges that Hennepin Healthcare maintained unconstitutional customs of "detaining patients beyond statutory limits, restricting or denying access to personal property and communication devices, and failing to seek timely judicial authorization for continued confinement." Am. Compl. ¶ 57. But these allegations are entirely conclusory. To establish a custom, a plaintiff must allege facts showing (1) a continuing, widespread, and persistent pattern of unconstitutional conduct; (2) deliberate indifference to or tacit authorization of that conduct after receiving notice of it; and (3) injury resulting from the custom. *Ware v. Jackson Cnty.*, 150 F.3d 873, 880 (8th Cir. 1998). Miles's Amended Complaint does not satisfy any of these elements. She alleges no facts demonstrating (1) a pattern of similar conduct; (2) that Hennepin Healthcare had notice of such conduct; or (3) it failed to take corrective action after

receiving such notice. Instead, her allegations rely entirely on events involving her own confinement.

Accordingly, the Court recommends that Counts XII and XIV be dismissed for failure to state a claim.

### C.   Count XIII

Count XIII asserts a claim for false imprisonment under state law. Am. Compl. 24. Because the Court recommends that Miles's federal claims against Hennepin Healthcare be dismissed, it also recommends that the Court decline to exercise supplemental jurisdiction over her state law false imprisonment claim. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (noting that generally, when federal claims are dismissed, state claims are dismissed without prejudice as a matter of comity and to promote justice between the parties). Accordingly, Count XIII should be dismissed without prejudice.

### ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1.      Plaintiff Emma Nova Miles's Motion for Leave to File a Surreply (Dkt. No. 97) is **DENIED AS MOOT.**

### RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.      Defendant Hennepin Healthcare System, Inc.'s Motion to Dismiss (Dkt. No. 72) be GRANTED;

2.      Miles's federal claims (Counts IV, XII, and XIV) be DISMISSED WITH PREJUDICE;

3. Miles's state law claim (Count XIII) be DISMISSED WITHOUT PREJUDICE.

Dated: May 7, 2026                          s/ David T. Schultz
                                            DAVID T. SCHULTZ
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).