**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Emma Nova Miles,

   Plaintiff,

  v.

Hennepin County Sheriff's Office,
et al.

   Defendants.

**ORDER ON REPORT**
**AND RECOMMENDATION**
Civil No. 25-2790 ADM/DTS

---

Emma Nova Miles, pro se.

Marissa K. Linden, Hennepin County Attorney's Office, for Defendants.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Emma Nova Miles's ("Miles") Objection [Docket No. 114] to Magistrate Judge David T. Schultz's May 7, 2026, Report and Recommendation [Docket No. 33] ("R&R").  In the R&R, Judge Schultz recommends granting Defendant Hennepin Healthcare System's Motion to Dismiss [Docket No. 72] based on lack of subject matter jurisdiction.  After a de novo review of the record, and for the reasons stated below, Miles's Objections are overruled and the R&R is adopted.

## II.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

The factual background of this case is thoroughly set forth in the R&R and is incorporated by reference.  The R&R recommends dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine and concludes that, even if jurisdiction exists, the claims fail on the merits.

Miles objects to the R&R's determination that the *Rooker-Feldman* doctrine applies.  She argues that Judge Schultz erred in concluding that her complaint attacks the Hennepin County court's commitment order, because her claim is focused on her treatment before the commitment order was issued.  For the reasons stated in the R&R, the Court disagrees with Miles's position.  The complaint does not identify conduct by Defendant independent of the commitment proceedings, which are directly related to her immediately preceding 72-hour hold.  Under these circumstances, Miles's federal claims are a challenge to the state court's civil commitment proceedings and are therefore barred under the *Rooker-Feldman* doctrine.

The Court is also unpersuaded by Miles's argument that Judge Schultz erred in relying on Hennepin Healthcare records showing the date of the civil commitment order, thus undermining the legality of her detention.  The Court has reviewed the documents and is satisfied that the medical records are sufficient to establish the timeline offered by Defendant.  The Court also agrees with Judge Schultz's determination that Miles's federal claims fail on the merits even if properly before the Court.

For these reasons, the Court agrees with Judge Schultz's conclusion that Miles's federal claims should be dismissed with prejudice for lack of subject matter jurisdiction.  The Court will dismiss Miles's state law claim for false imprisonment without prejudice, however.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.    Plaintiff Emma Nova Miles's Objection [Docket No. 114] to Magistrate Judge David T. Schultz's Report and Recommendation is **OVERRULED;**

2.    The Report and Recommendation [Docket No. 113] is **ADOPTED**;

3.    Defendant's Motion to Dismiss [Docket No. 72] is **GRANTED;**

4.    The federal claims (Counts IV, XII, and XIV) are dismissed with prejudice; and

5.    The state law claim (Count XIII) is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


BY THE COURT:

Dated:  June 3, 2026

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

3